■ K. James Fegley, Appellant, v. Christian C. Steinbach, Respondent. — Judgment reversed on the law and facts, with costs and a new trial, limited to the issue of damages to the plaintiff, granted unless defendant, within 20 days after service of the order to be entered hereon, shall stipulate to increase the verdict to $6,197, in which event the judgment shall be modified accordingly, and as so modified affirmed. Memorandum: Plaintiff appeals from a judgment entered upon a verdict of $2,000 in a personal injury negligence action, on the ground of inadequacy. The defendant does not cross appeal and there is no question or dispute as to his negligence, the sole issue presented being the adequacy of the jury's verdict. It appears that the special damages including medical expenses and lost wages, amount to $1,197. Plaintiff, while crossing Main Street in the City of Rochester, was injured when he was struck by defendant's automobile. Due to a cerebral palsy condition since birth, plaintiff was affected by a partial spastic paralysis of the right arm and leg. This condition, however, did not require him to use a crutch or any other device and, in fact,

plaintiff was gainfully employed as an automotive parts and counter man. According to the uncontradicted medical testimony, he sustained a fracture of the greater trochanter of the right femur with a piece thereof broken off and displaced, and also a compression fracture of the head of the femur. The medical testimony also reveals that these fractures caused plaintiff to experience " severe " pain. The doctor described, without contradiction, the permanent effects of these injuries by stating that because of " the condition which he already had, any injury as severe as he had (here) I believe would make him very much  *  *  * would be quite probable to cause him some trouble in the future with more stiffness of the leg, the possibility of developing, probability of developing some more arthritis in the joints because of the general condition " and, further, that the injuries he received would have a further effect on his right leg by making it " more liable to weakness " in the future. The record reveals that plaintiff was unable to return to work for nearly three months; that some two weeks after having resumed his work activities his knee gave out, he fell to the floor and he was again required to be absent from work for a time. Upon this record we must conclude that plaintiff's verdict was clearly inadequate and that a new trial, limited solely to the issue of damages should be had, unless defendant shall stipulate to increase the verdict as indicated in the order to be entered hereon. (See *Lagoda* v. *Dorr,* 28 A D 2d 208.) All concur, except Witmer, J., who dissents and votes to affirm. (Appeal from judgment of Seneca Trial Term in automobile negligence action.) Present — Goldman, P. J., Marsh, Witmer, Gabrielli and Henry, JJ.